UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYALTY ALLIANCE, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TARSADIA HOTEL, et al.,<br><br>　　　　　　　　　　　　　　　Defendants. | CASE NO. 10CV1231 DMS (CAB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAYGROUND DESTINATION PROPERTIES' MOTION TO CONSOLIDATE**<br><br>[Docs. 11 & 16] |

　　　Pending before the Court is Plaintiff's motion to remand and Defendant Playground Destination Properties' ("Playground") motion to consolidate this action with *Salameh v. Tarsadia Hotel*, 09cv2739 DMS (CAB). For the reasons set forth below, Plaintiff's motion is granted. Defendant's motion is denied.

**I.**

**BACKGROUND**

　　　This matter ("*Royalty Alliance*") is a proposed class action for alleged violations of California securities laws committed in connection with the sale of condominium units in the Hard Rock Hotel San Diego ("HRHSD"). Plaintiff filed suit in San Diego Superior Court on April 26, 2010. Defendants MPK One, LLC, Gregory Casserly, Tarsadia Hotel, Tushar Patel, B.U. Patel, and 5th Rock LLC (collectively the "Tarsadia Defendants") removed the matter to this Court on June 9, 2010. (Doc.

1.) Defendant Playground joined the removal. (Doc. 4.) Defendants allege *Royalty Alliance* implicates a substantial federal question and arises under federal law, namely the Securities Act of 1933. (Notice of Removal ¶ 12.) Defendants also note the similarity between this matter and another matter presently before the Court, *Salameh v. Tarsadia Hotel*, 09cv2739 DMS (CAB) ("*Salameh*"). *Salameh* contains claims for both state and federal securities laws violations committed in connection with the sale of condominium units at HRHSD.

On June 17, 2010, Playground filed a motion to consolidate *Royalty Alliance* with *Salameh*. Playground filed the same motion in the *Salameh* action. Bank of America, a Defendant in *Salameh*, filed an opposition to the motion to consolidate, to which Plaintiff joined. (Docs. 73, 75.) Playground filed a reply. (Doc. 76.) On July 9, 2010, Plaintiff filed a motion to remand *Royalty Alliance* to state court. Playground and the Tarsadia Defendants filed oppositions. (Docs. 18 & 19.) Plaintiff filed a reply to each opposition. (Docs. 21 & 22).

## II.

## DISCUSSION

**A.  Motion to Remand**

Playground and the Tarsadia Defendants put forth two bases on which this Court may exercise jurisdiction: federal question jurisdiction and diversity jurisdiction through the Class Action Fairness Act ("CAFA"). As the parties who removed this case to this Court, Defendants bear the burden of showing federal jurisdiction over the subject matter. *See, e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where federal jurisdiction is lacking at any time, the case must be remanded. 28 U.S.C. § 1447(c).

*1.  Federal Question*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a federal law creates the cause of action, or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). The basis for federal jurisdiction must appear on the face of the plaintiff's well pleaded complaint. *Id.* at 9-10.

Here, it is undisputed that the seven claims asserted in *Royalty Alliance* are state law claims. Nonetheless, Defendants argue the case "arises under" federal law because several allegations within the complaint refer to federal law. For example, Plaintiffs allege "Defendants failed to comply with their legal duty to register the Hard Rock Investment Contracts with the SEC in violation § 12(a)(1) of the Securities Act." (Compl. ¶ 61.) Plaintiffs, however, do not assert a claim against Defendants for violation of the Securities Act. The allegation may therefore be unnecessary, but it does not indicate that federal law forms the basis of Plaintiff's claims. *See Rains v. Criterion Sys.*, 80 F.3d 339, 344 (9th Cir. 1996) (noting that indirect and direct references to Title VII did not turn the plaintiff's state law wrongful termination claim into a federal claim).

Defendants further argue federal question jurisdiction exists under the "artful pleading" doctrine. Under this doctrine, "'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting *Franchise Tax Bd.*, 463 U.S. at 22.). "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* (citations omitted). Defendants argue the case necessarily implicates resolution of federal issues because federal securities laws are relied upon to support Plaintiff's claims. Defendants contend the matter turns on the definition of a security, which is set forth in federal securities laws, that California courts apply federal law in determining whether a transaction is an investment contract, and the California securities laws are modeled on federal securities laws.

Defendants' arguments are unavailing. California has its own securities laws distinct from the Exchange Act, and it those statutes under which Plaintiff brings its claims. In determining whether a transaction is an "investment contract" under California securities laws, courts use either the same test as that applied under federal law *or* a "risk-capital test," a test established by the California Supreme Court. *See Consolidated Management Group, LLC v. Department of Corporations*, 162 Cal. App. 4th 598, 610 (2008). Thus, determination of whether the transaction here falls under the securities laws is not necessarily federal in character, nor does it turn on the resolution of a substantial,

disputed federal question. Accordingly, Defendants have not established federal jurisdiction on these grounds.

### 2. CAFA[1]

An action may be removed to federal court under CAFA where the number of proposed plaintiffs is greater than 100, there is a diversity of citizenship between any member of the class and any defendant, and the amount in controversy is more than $5,000,000. 28 U.S.C. § 1332(d); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 997 (9th Cir. 2007). Defendants do not contend that *Royalty Alliance* has more than 100 plaintiffs or $5 million in claims. Rather, Defendants argue the proposed class in *Royalty Alliance* is merely a subclass of the *Salameh* action, and that when considering the two actions together, the requirements of CAFA are met.

Defendants cite *Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405 (6th Cir. 2008), to argue Plaintiffs are trying to "game the system" by artificially splitting their class action to avoid CAFA jurisdiction. The plaintiffs in *Freeman* filed five lawsuits in state court, each having identical claims and parties except as to the time period of the alleged claims, which were a series of sequential six-month periods. In each suit, the plaintiffs limited their aggregate amount in controversy to $4.9 million. *Id.* at 406. The court determined the five lawsuits should be combined when examining CAFA jurisdiction because "CAFA was clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Id.* at 407. The court went on, however, to limit its holding "to the situation where there is no colorable basis for dividing up the sought-for retrospective relief into separate time periods, other than to frustrate CAFA." *Id.* at 409.

In this case, *Royalty Alliance* has a different class of Plaintiffs than *Salameh*. In *Salameh*, the proposed class members are individuals who purchased a condominium unit in HRHSD. In *Royalty Alliance*, the proposed class members comprise individuals who attempted to purchase a condominium unit at HRHSD but, after putting down a deposit, were unable to complete the purchase. *Royalty Alliance* also contains three state law claims not present in *Salameh*. Thus, while similarities exist

---

[1] The Notice of Removal does not cite CAFA as a basis for federal jurisdiction. Defendants request they be able to amend the Notice of Removal to assert CAFA jurisdiction. Despite the procedural defect, the Court addresses CAFA on the merits. Because the Court finds CAFA jurisdiction does not exist, amendment is unnecessary.

between the claims, there is a colorable basis for dividing up the lawsuits as Plaintiffs have done. Accordingly, combining the two matters for purposes of determining CAFA jurisdiction is unwarranted. Defendants, therefore, have failed to establish federal subject matter jurisdiction over *Royalty Alliance*. Plaintiff's motion to remand is granted. Playground's motion to consolidate *Royalty Alliance* with *Salameh* is therefore denied as moot.

In the event of this outcome, the Tarsadia Defendants request the Court order a stay of the state court action. Under the Anti-Injunction Act, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Defendants do not indicate which exception to the Anti-Injunction Act applies in this matter, and the cases cited by Defendants are distinguishable from the instant case. Accordingly, the request for stay is denied.

### III.
### CONCLUSION

Plaintiff's motion to remand is granted. Playground's motion to consolidate is denied.[2]

**IT IS SO ORDERED.**

DATED: August 23, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] The Clerk shall enter a copy of this Order on the docket for *Salameh v. Tarsadia Hotel*, 09cv2739 DMS (CAB), as Playground filed its motion to consolidate in both actions.